IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel F. Garduno, Jr.,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>  )<br>Dora B. Schriro, et al.,  )<br>  )<br>Respondents.  )<br>_____ ) | No. CV 06-2017-PHX-SRB (MHB)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254 (docket#1). Respondents have filed an Answer (docket # 9). Petitioner has filed a Reply (docket#10).

**I. Background**

Petitioner raises three grounds for relief in his petition: (1) a violation of the 6th Amendment in that he was denied the right to have a jury find the determinate facts to support an aggravated sentence, (2) a violation of the 14th Amendment in that he was sentenced pursuant to A.R.S. §13-604, which was not the sentencing guideline for which he was found guilty by a jury, and (3) a violation of the 14th Amendment in that he was sentenced erroneously under the wrong A.R.S. sentencing statute, Title 13, rather than Title 28.

On June 18, 2003, Petitioner was charged by an Information in state court with two counts of Aggravated Driving or Actual Physical Control While Under the Influence of Intoxicating

Liquor or Drugs, both class four felonies. (docket #9, Exh. B.)  An allegation of three historical Aggravated DUI felonies was filed by the state on July 15, 2003. (*Id.*)  Those convictions are alleged to have occurred in 1998 and 2001.  Petitioner entered a plea agreement on September 22, 2003, pleading guilty to count one of the Information, and admitting one prior Aggravated DUI conviction. (*Id.*, Exh. C.) The plea agreement indicated that the presumptive sentence for the offense was 4.5 years, and that the maximum sentence was six years.  The sentencing statutes referenced in the plea agreement were A.R.S. §13-701 and -702.  The parties stipulated in the plea agreement that the defendant would serve an aggravated six year sentence in the Department of Corrections.  (*Id.*)  Petitioner was sentenced to serve this six year sentence on September 22, 2003.  (*Id.*, Exh. E.)  The sentencing minute entry indicates that the court made a finding, pursuant to A.R.S. §13-604, that the defendant had previously been convicted of felony Aggravated DUI. (*Id.*)

On April 6, 2005, Petitioner filed a Notice of Post-Conviction Relief with the trial court, claiming that he was entitled to resentencing, based upon the United States Supreme Court decisions in *Blakely v. Washington* and its progeny, *United States v. Booker/Fanfan*, that held that the Sixth Amendment requires that a jury make findings of fact necessary to the imposition of a sentence beyond the statutory maximum. (*Id.*, Exh. F.) The trial court denied the petition on procedural grounds, ruling that it was untimely filed:

> "A conviction becomes final when the time for filing the Rule 32 of-right proceeding has passed. *Towery*, 204 Ariz. at 390. The defendant was sentenced on September 22, 3003 following his guilty plea, and did not timely file a Rule 32 of-right notice. His conviction is therefore final and he is not entitled to relief under Rule 32.1(g)."

(*Id.*, Exh. G.)

Petitioner then filed a Petition for Review of the trial court's decision finding his petition time-barred to the Arizona Court of Appeals on June 1, 2005. (*Id.*, Exh. H.)  The appellate court denied review. (*Id.*, Exh. I.) Petitioner filed a petition for review in the Arizona Supreme Court, and newly included a claim that he had been denied his Sixth Amendment right to a jury trial on the aggravating factors found by the trial judge. (*Id.*, Exh. J.) The Court denied review on July 7, 2006. (*Id.*, Exh. K.)

**II. Analysis**

Respondents assert that Petitioner's Writ of Habeas Corpus is untimely under The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and that in any event, his claims are procedurally barred. The Court agrees.

**A. Timeliness under the AEDPA**

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott*, 304 F.3d at 921. However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

Petitioner argues that his petition is timely because his 1-year limitations period did not commence until January 12, 2005, when the United States Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), and that the limitation period was tolled from the timely filing of his Petition for Post-Conviction Relief[1], based upon *Booker*, until the denial

---

[1] Rule 32.1(g), Ariz.R.Crim.P., permits the filing of a petition for post-conviction relief when "(t)here has been a significant change in the law that if determined to apply to

1 of review by the Arizona Supreme Court on July 7, 2006. The Supreme Court in *Booker*, 2 however, merely applied its previous decision in *Blakely*[2] to the United States Sentencing 3 Guidelines. The trial court made this clear in its denial of the Petition: "Booker addressed 4 only the federal sentencing guidelines and is not applicable to defendant's case." (docket#9, 5 Exh. G.) To the extent Petitioner argues that his Petition for Post-Conviction Relief was 6 based upon *Blakely*, his petition for post-conviction relief would still have been untimely, 7 because *Blakely* was decided on June 24, 2004.

8 Petitioner's conviction became final on September 22, 2003. He was required, under the 9 AEDPA, to file his Petition for Writ of Habeas Corpus on or before September 21, 2004. His 10 state petition for post-conviction relief wasn't filed until April 6, 2005, and was denied as 11 untimely by the trial judge. Because Petitioner did not file his state petition timely, his 12 statute of limitations period was not tolled, and his Petition For Writ Of Habeas Corpus, 13 filed with this court on January 22, 2007, is untimely.

14 Even if his Petition was filed timely, his claims are unexhausted and procedurally 15 defaulted.

16 **B. Exhaustion and Procedural Default**

17 Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must 18 exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v.* 19 *Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The 20 federal court will not entertain a petition for writ of habeas corpus unless each and every 21 issue has been exhausted. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982). A petitioner has the 22 burden of alleging exhaustion. *Wood v. Gomez,* 94 F.3d 654 (9th Cir. 1996). To properly 23 exhaust state remedies, the prisoner must have afforded the state courts the opportunity to 24 rule upon the merits of his federal constitutional claims by "fairly presenting" them to the 25 state courts in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

---

27 defendant's case would probably overturn the defendant's conviction or sentence."

28 [2]*Blakely v. Washington*, 542 U.S. 296 (2004)

- 4 -

1  (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly
2  present' her claim in each appropriate state court . . . thereby alerting the court to the federal
3  nature of the claim.").  A petitioner must describe both the operative facts and the federal
4  legal theory so that the state courts have a "fair opportunity" to apply controlling legal
5  principles to the facts bearing on his constitutional claim.  *Id.*  In cases not carrying a life
6  sentence or the death penalty, claims are exhausted once the Arizona Court of Appeals has
7  ruled on them.  *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

8  Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally
9  appropriate manner, his claims are procedurally defaulted.  *Ylst v. Nunnemaker*, 501 U.S.
10 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two types of procedural default.

11 In the first procedural default scenario, a state court may have applied a procedural bar
12 when the prisoner attempted to raise the claim in state court.  For example, a habeas
13 petitioner may be barred from raising federal claims that he failed to preserve in state court
14 by raising the claim on direct appeal or post-conviction review.  *Thomas v. Lewis*, 945 F.2d
15 1119, 1122 (9th Cir. 1991)(finding procedural default where the Arizona Court of Appeals
16 held that petitioner had waived his claims by failing to raise them on direct appeal or in his
17 first petition for post-conviction review.)   A higher court's subsequent summary denial of
18 review affirms the lower court's application of a procedural bar.  *Nunnemaker*, 501 U.S. at
19 803.

20  In order to "constitute adequate and independent grounds sufficient to support a finding
21 of procedural default, a state rule must be clear, consistently applied, and well-established
22 at the time of the petitioner's default."  *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).
23 Arizona courts have consistently applied their procedural default rules.  *Stewart v. Smith*, 536
24 U.S. 856, 860 (2002)(holding that Arizona Rule of Criminal Procedure 32.2(a) is an adequate
25 and independent procedural bar); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir.
26 1998)(rejecting the argument that Arizona courts have not "strictly or regularly followed"
27 Rule 32); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting the assertion that
28

1 Arizona courts' application of procedural default rules had been "unpredictable and
2 irregular.").

3     In the second procedural default scenario, the state prisoner may not have presented the
4 claim to the state courts, but pursuant to the state courts' procedural rules, a return to state
5 court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim
6 not previously presented to the Arizona courts is procedurally barred from federal review
7 because any attempt to return to state court to properly exhaust a current habeas claim would
8 be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th
9 Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief
10 is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding);
11 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty
12 days of trial court's decision). A state post-conviction action is futile where it is time barred.
13 *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing
14 untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition
15 for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

16     In either case of procedural default, federal review of the claim is barred absent a showing
17 of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541
18 U.S. 386, 393-94 (2004).

19 **C. Application of Law to Petitioner's Claims**

20     <u>**Ground I**</u>. Petitioner claims that he is entitled to a new sentencing based upon the United
21 States Supreme Court decision in *Booker/Fanfan*. He raised this claim in his first-post
22 conviction relief proceeding, but the trial court imposed a procedural bar by denying his
23 petition as untimely. The Arizona Court of Appeals and the Arizona Supreme Court affirmed
24 the denial. This Court must defer to the trial court's conclusion that Petitioner did not satisfy
25 an exception to Rule 32's timeliness requirement, because this is a legal issue involving state
26 law. *See, e.g., Poland v. Stewart*, 169 F.3d 573, 384 (9th Cir. 1999) ("Poland further argues
27 that the trial court improperly applied Arizona Rules of Criminal Procedure 32.2 in holding
28 these claims defaulted, since the conditions for inferring waiver under the rule were not

1  satisfied.  Federal habeas courts lack jurisdiction, however, to review state court applications
2  of state procedural rules.").  Petitioner's claim is, therefore, procedurally defaulted.

3      **Ground II.**  Petitioner claims that his rights under the 14th Amendment were violated when
4  he was sentenced under sentencing statute A.R.S. § 13-604, which provides enhanced
5  penalties for repetitive offenders, instead of A.R.S. § 13-701, and -702, which establish
6  sentencing penalties for first time offenders.  (docket#9, Exh. C.)  Petitioner did not raise this
7  claim in his petition for post-conviction relief, or in his Petition for Review to the Arizona
8  Court of Appeals.  In his Petition for Review by the Arizona Supreme Court, he made a
9  passing reference to having been unlawfully sentenced pursuant to A.R.S. § 13-604, instead
10 of § 13-701.  This original presentation of this issue to the Arizona Supreme Court is not
11 sufficient to satisfy the exhaustion requirement.  *See*, e.g., *Castille v. Peoples*, 489 U.S. 346,
12 351-52 (1989) (submission of new claim to state's highest court on discretionary review does
13 not constitute fair presentation of claim); *Gunter v. Maloney*, 291 F.3d 74, 81-82 ("Raising
14 a claim for the first time to the state's highest court on discretionary review is not fair
15 presentation for purposes of exhaustion.").  Petitioner's ground II is therefore unexhausted,
16 and any attempt to return to state court to exhaust this claim would be futile, as it would be
17 time-barred pursuant to Rules 32.1 and 32.4, Ariz. R. Crim. P.

18     **Ground III**.  Petitioner contends in Ground III that he was denied his rights under the
19 Fourteenth Amendment and *Booker* when the trial court sentenced him under Title 13 of he
20 Arizona Revised Statutes rather than Title 28.  Petitioner concedes that he did not exhaust this
21 claim  (docket#1 at 7), and states the following, as his reason for not presenting this issue to
22 the state court:

23 > "I wanted to resolve this issue on a state level and the state had ruled on this issue on June 27, 1991 in a Arizona Supreme Court ruling, State v. Campa (No. CR-90-0156-PR).  I do believe the United State Supreme Court decision on Booker, Fanfan changes this, but as above, I wanted to resolve this on a state level; so I only argued being sentenced out of A.R.S. 13-701(C) by a judges applying aggravating factors that where not determined by a jury or that I would not have admitted to."
26 (*Id.*)

27
28

1   Petitioner's ground III is therefore unexhausted, and any attempt to return to state court
2 to exhaust this claim would be futile, as it would be time-barred pursuant to Rules 32.1 and
3 32.4, Ariz. R. Crim. P.

### Cause and Prejudice/Fundamental Miscarriage of Justice

5   A federal court may not review the merits of procedurally defaulted claims unless the
6 petitioner either demonstrates cause and prejudice, or a fundamental miscarriage of justice.
7 "Cause" requires a showing that an external, objective factor impeded a petitioner's
8 compliance with state procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).
9 Petitioner makes no such showing. To prove a "fundamental miscarriage of justice",
10 petitioner must show by clear and convincing evidence that no reasonable jury could have
11 found the petitioner guilty of the offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).
12 Petitioner pled guilty to his offense of conviction, and does not now suggest that no
13 reasonable jury could have found him guilty of the offense.

14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 6th day of June, 2007.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge